Filed 8/27/24  In re S.W. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re S.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>S.W.,<br><br>        Defendant and Appellant. | A169378<br><br>(City & County of San Francisco<br> Super. Ct. No. JW226034) |

**MEMORANDUM OPINION**[1]

Defendant S.W. appeals from the juvenile court's disposition order declaring him a ward of the court and placing him on probation in the custody of his parents.  S.W.'s appointed counsel on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having conducted an independent review of the record pursuant to the holding in that case, we affirm.

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

1

On March 18, 2022, Marcus C. was walking by a parking lot when he noticed a dark gray or black sedan drive through the parking lot and slow down significantly. Moments later, three men wearing masks rushed towards him and demanded that he give them his watch and wallet. Marcus C. either fell or was pushed to the ground and was lying on his back. Two of the men were holding handguns, and the third was holding an assault rifle. The man on Marcus C.'s left took Marcus C.'s watch off his wrist, struck him in the forehead with the butt of his gun, and yelled "faggot." The three men then got into the dark sedan and drove off. Marcus C. gave the police a description of the suspects and vehicle.

Approximately four and a half hours after the robbery, the police arrested S.W. outside of a parking garage along with three other suspects. The police found Marcus C.'s watch in the center console of a vehicle in the garage that matched the description Marcus C. had provided. S.W. was 17 years old at the time. On March 22, 2022, Marcus C. attended a hearing by video conference and saw the suspects' faces. He recognized S.W. (by his eyes and his hair) as the man on his left who had struck him. He recognized another suspect at the hearing as the man on his right during the robbery.

The People filed a juvenile delinquency petition alleging that S.W. committed second degree robbery (Pen. Code, § 211; count 1) and accessory after the fact – knowledge of crime (*id.*, § 32; count 2). The juvenile court held a contested jurisdictional hearing. Marcus C. testified and again identified S.W. as the one who "pistol whipped" him. The defense called an expert in eyewitness identification and memory reconstruction. The expert identified multiple factors that cast doubt on Marcus C.'s identification of S.W. as his assailant. Based on a hypothetical including all of those factors, the expert testified that she would have doubts as to how clearly the witness

2

saw the suspects and the reliability of the witness's in-court identification of them.

Following the jurisdictional hearing, the juvenile court found that the second-degree robbery allegations had been proven beyond a reasonable doubt and sustained the petition as to count 1.  The court dismissed count 2.  At the disposition hearing, the court declared S.W. a ward of the court and placed him on probation in the custody of his parents with a maximum confinement time of three years.  S.W. filed a timely notice of appeal.

The *Wende* brief filed by S.W.'s counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744.  S.W. was apprised of his right to file a supplemental brief but did not file one.  Following *Wende* guidelines, we have conducted an independent review of the record and conclude there are no meritorious issues to be argued on appeal.

## DISPOSITION

The judgment is affirmed.

CHOU, J.

WE CONCUR:

SIMONS, ACTING P. J.

BURNS, J.

(*In re S.W.; A169378*)

3